## In re WELSBACH INCANDESCENT GASLIGHT CO.

(Supreme Court, Special Term, New York County. January 23, 1894.)

DISSOLVED CORPORATION—LIABILITY FOR TAXES.
    Where a corporation was in existence on the second Monday of January, 1892, it was liable for the tax imposed on it for that year, and a subsequent dissolution does not relieve it therefrom.

Application by the receiver of taxes against the Welsbach Incandescent Gaslight Company for the payment of taxes for the year 1892. To the report of the referee the receiver of taxes excepts. Exceptions sustained.

John G. H. Meyers, for receiver of taxes.

Wm. R. Barricklo, for receiver of Welsbach Incandescent Gaslight Co.

LAWRENCE, J. I agree with the counsel for the receiver of taxes that, as the corporation was in existence on the second Monday of January, 1892, it was liable for the tax imposed on it for that year, and that its subsequent dissolution did not relieve it therefrom. Sisters of Poor of St. Francis v. Mayor, etc., of New York, 51 Hun, 355, 3 N. Y. Supp. 433, affirmed, in 112 N. Y. 677, 20 N, E. 417; People v. Commissioners of Taxes & Assessments, 91 N. Y. 603; In re Babcock, 115 N. Y. 450, 456, 22 N. E. 263. It was held in Re Columbian Ins. Co., 3 Abb. Dec. 239, that the lien acquired by the issue of a warrant for personal taxes takes precedence of the equitable claim of creditors who subsequently bring the property into the custody of the law, and this rule is applicable in the distribution of assets of an insolvent corporation under the Revised Statutes. It was further held that the general provisions of law as to such distribution are not to be considered as extinguishing the prior right of the government. In that case Porter, J., said:

"There is great force in the argument submitted by the counsel for the corporation of the city of New York in support of the broad position that the people of this state have succeeded to all the prerogatives of the British crown, so far as they are essential to the efficient exercise of powers inherent in the nature of civil government, and that there is the same priority of right here in respect to the payment of taxes which existed at common law in favor of the public treasury."

In the case of Central Trust Co. v. New York City & N. R. Co., 110 N. Y. 250, 18 N. E. 92, it was held that the claim of the state for the payment of taxes is paramount, and that, where a railroad company was insolvent, and all its property in the hands of a receiver appointed in an action to foreclose a mortgage thereon, the amount of which exceeds the value of all property, and the receiver, as such, is operating the road under order of the court, and has moneys in his hands, arising from the gross earnings, sufficient to pay a tax imposed upon the corporation, the court may, in its discretion, make an order directing the receiver to pay the same out of the gross earnings.    I do not think that the receiver of taxes in this case has done anything which can be said to estop him from making this application.    The motion made to punish the corporation for contempt, and the dismissal of the proceedings, did not cancel the tax, nor prevent its collection otherwise.    I am also of the opinion that the order of September 17, 1892, does not bar the enforcement of the tax.    If there is anything in that order inconsistent with the rights of the state and city, as represented by the receiver of taxes, the receiver can be readily protected by an application to the court for its alteration or modification.    For these reasons I am of the opinion that the exceptions filed by the receiver of taxes to the report of the referee should be sustained.    Ordered accordingly.