## In re F. X. MULLER & CO.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

1. RECEIVERS—CHARGES ON PROCEEDS OF SALE—WAGES.

Where property in the hands of a receiver appointed in proceedings for the voluntary dissolution of a corporation has been sold, wages due employés when the receiver was appointed, and also wages due them for services necessary to preserve the property and fit it for sale, are charges on the proceeds of the sale.

2. SAME—FEES AND EXPENSES.

Referee's fees and the counsel fees and expenses, including attorney's fees of the receiver, are also allowable out of such funds.

3. SAME—RECEIVER'S CERTIFICATES OF INDEBTEDNESS.

Where an order authorizing the receiver to borrow money on certificates provided that the money so borrowed should "be a first and prior lien upon the property and assets," the sums so borrowed should be paid out of the proceeds of the sale.

4. SAME—RIGHTS OF LIEN CLAIMANTS.

In proceedings for the voluntary dissolution of a corporation, it appeared that a judgment creditor had a lien on certain personal property, and that other parties claimed to be the owners of specified property. The court made orders authorizing the receiver to borrow certain sums to pay expenses and wages, on his certificates, which should be a first lien on the assets, and to sell the property in "parts and parcels," free of liens, etc. The orders also provided that all liens, etc., should be devested from such property and transferred to the proceeds of sale. The parties acquiesced in such sale, and the commingling of the proceeds so as to render it difficult to ascertain the extent of the rights of the several claimants to the fund. *Held*, that it was error, on distribution of the funds remaining after paying wages, expenses, etc., not to permit such claimants to prove that the property on which they respectively held separate liens sold for more than the amount of their liens.

Appeal from special term, Erie county.

In the matter of the voluntary dissolution of F. X. Muller & Co., a corporation, an order was made directing distribution of the funds in the hands of the receiver appointed for the corporation; and from

said order the Garvin Machine Company, R. Hoffeld & Co., and the Chicago Tip & Tire Company appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

A. J. Robertson, for appellants R. Hoffeld & Co. and Garvin Machine Co.

C. R. & C. U. Carruth, for appellant Chicago Tip & Tire Co.

George S. Hall, for Davis & Egan Machine-Tool Co.

Henry Chace, for Cary Safe Co.

T. E. Hancock, Atty. Gen., and Becker & Farnham, for the receiver.

HARDIN, P. J. On the 3d day of August, 1896, a temporary receiver was appointed, and on the 22d day of December, 1896, he was appointed permanent receiver. By the report made on the 27th of April, 1897, by the receiver, he showed the total receipts to be $7,-358.81 (including the money borrowed on certificates), and his total expenditures $4,316.75; leaving a balance of $3,042.06, subject to his commissions, counsel fees, and expenses. The claim of the Garvin Machine Company was paid in pursuance of an order made on the 25th of March, 1897, and also further payment of $43.75 was ordered in final order, and it was ordered that $875.61 be paid to R. Hoffeld & Co., and to the Chicago Tip & Tire Company $224.12. The case does not show just what the property brought, on which the Chicago Tip & Tire Company's execution became a lien on the 27th of July, 1896. When the receiver took possession of the property of the insolvent corporation pursuant to an order of the court, there were liens upon the property, and there were wages due to employés, and further sums became due to employés for services rendered necessary to preserve the property and fit it for sale. We think the sum allowed in the order for wages of employés was properly a charge upon the proceeds of the sale. Laws 1895, c. 376; In re Atlas Iron Const. Co., 19 App. Div. 417, 46 N. Y. Supp. 467. We think the court properly allowed the referee's fees, the counsel fees, and expenses, including attorney's fees of the receiver, out of the funds.

The orders authorizing the receiver to borrow money upon certificates provided that the money so borrowed "shall be a first and prior lien upon the property and assets of said corporation." Those orders are in force, and effect should be given to them by allowing the sums so borrowed to be paid out of the proceeds of the sale.

October 3, 1896, the receiver made a petition to the court, in which he stated that the Garvin Machine Company claimed to be the owner of certain property enumerated, that the Davis & Egan Machine-Tool Company claimed to be the owner of certain of the property in the hands of the insolvent corporation or its receiver, and that R. Hoffeld & Co. likewise claimed to be the owners of certain of the property mentioned. And he further stated that the Chicago Tip & Tire Company had a lien upon all the personal property of the insolvent corporation, and that they had recovered a judgment on the 27th day of July, 1896, and on that day issued an execution to

the sheriff of Erie county. Upon the presentation of the receiver's petition, he was, by an order of October 6, 1896, authorized to borrow $400 for paying expenses, and the further sum of $500, upon his certificate, to pay wages. The order declared that the certificate should be the first and prior lien upon the property and assets of said corporation. That order remains in force.

In February, 1897, the receiver prepared another petition, in which he asked for authority to sell the property at private sale; and on the 10th of February, 1897, the court granted an order authorizing the sale in "parts and parcels," and he was directed to sell the same free and clear of, and devested from, all legal and equitable title, liens, claims, and rights which may exist. That order further provided that all legal and equitable title, liens, claims, and rights which may exist in favor of any person "shall be devested from such property, and transferred to the proceeds derived by the receiver from the sale of said property, and such legal and equitable title, liens, claims, and rights, if any exist, shall be preserved in and to the proceeds of such sale." This order also directed the setting apart of $1,500 to await the event of the action of the Garvin Machine Company. In July, 1897, a motion was made to compel the receiver to pay the Chicago Tip & Tire Company in full, and that was denied. The receiver sold the property in pieces and parcels at private sale, and it brought $6,708.81. To that sum is added $650, which he borrowed, making a total, with which he charges himself, of $7,358.81, from which is to be deducted the claims for legal services, $748.61, as that had not been deducted at the date of the report. Deducting from receiver's receipts of $7.358.81 the items in his Schedule C leaves a balance of $3,042.06. That balance has been disposed of, viz.: By paying $748.61, attorney's fees; $367.94, commissions to the receiver; $50 to referee for his fees; $289.03, wages; $441 to Davis & Egan Machine-Tool Company; leaving a balance of $1,145.48. This was divided, viz.: To Garvin Machine Company, $43.75; to R. Hoffeld & Co., $875.61; to the Chicago Tip & Tire Company, $224.12. The appeal papers do not show the necessary facts to enable the court to determine whether the property on which prior claims were held brought enough, after paying wages, attorney's fees, and commissions, to pay the judgment of the Chicago Tip & Tire Company in full. The parties to this appeal seem to have acquiesced in having the property sold in parcels, and the commingling of the proceeds of the sale in such a manner as to render it difficult to ascertain the exact extent of the rights of the several claimants to the fund, and the special term divided the same pro rata among the several claimants. In the absence of the proper data in the appeal papers to determine the order of the liens on the balance of the fund, ought we to interfere with the order of the special term? In re Atlas Iron Const. Co., 19 App. Div. 417, 46 N. Y. Supp. 467.

The court refused to allow proof to be given in support of appellants' objections. The Garvin Machine Company and R. Hoffeld & Co. offered to give evidence and proof in support of the objections, and offered to prove that the machinery upon which they respectively held separate liens brought upon the sale an amount in excess of

the amount of their liens, which proof the court declined to hear.
We think the court erred, and the case should be sent back to the
special term.    The case does not show clearly how much the property
brought upon which the Chicago Tip & Tire Company had a lien at
the time of the appointment of the receiver, nor how much remained
of the fund applicable to their lien after payment of expenses and
charges in the premises.    This should be made to appear.    In re
Atlas Iron Const. Co., supra.

Order reversed, with $10 costs and disbursements to each appel-
lant, payable out of the fund.    All concur.