PEOPLE v. SHEPPARD et al.

(Supreme Court, Appellate Division,. Fourth Department. January 18, 1899.)

1. DEPOSITORIES—ACTION BY THE PEOPLE.
Where a bank has, as a depository, received funds, the care and supervision of which had been placed under the comptroller, and has violated the provision of its bond, that it should pay the same over when lawfully required so to do, action therefor can be maintained in the name of the people, under Code Civ. Proc. § 1969, authorizing it, "although a right of action for the same cause exists by law in some other public authority," where any money held or owned by an "officer, custodian, agency, or agent of the state or of a city" or county has been received or converted.

2. SAME—LIABILITY ON BOND.
Where a bank, designated as a depository for funds paid into court in the county of Y., under Code Civ. Proc. § 746, amending the law whereby the supreme court had supervised trust funds in the hands of county treasurers, and providing that "moneys paid into court shall be deposited in such * * * bank * * * as shall be designated by the comptroller as soon as received by the custodian thereof," executes bond for funds so deposited, recovery can be had thereon for such funds deposited with it by the county treasurer under order of the court before such amendment and the execution of the bond; such treasurer having thereafter given ˉa check therefor to his successor, and the latter having deposited the check in such bank, and it being provided by section ˙750 that, on expiration of the term of a county treasurer, all money deposited to his credit "vests in and must be carried. to the account of his successor in office."

Appeal from judgment on report of referee.

Action by the people of the state of New York against Morris F. Sheppard and another, sureties on a bond. From a judgment for plaintiff for part of the amount claimed, plaintiff appeals. Reversed.

Appeal from a judgment entered in Yates county upon the report of a referee on the 14th day of December, 1897. The action was commenced October 14, 1896, to recover $2,585.16, besides interest, on a bond executed on the 29th day of July, 1892, in the penal sum of $15,000, to the people of the state, by the Yates County National Bank and John H. Butler, Daniel Lanning, and Morris F. Sheppard. The condition clause of the bond is as follows: "Whereas, the comptroller of the state of New York, pursuant to the provisions of section 746 of the Code of Civil Procedure, has designated the Yates County National Bank of Penn Yan, N. Y., as a depository for funds or moneys paid into court in and for the county of Yates: Now, therefore, the condition of this obligation is such that if the said Yates County National Bank of Penn Yan, N. Y., shall well and faithfully do and perform all things required by law to be done and performed on its part in reference to the funds or moneys deposited in such bank in pursuance of such designation, and shall well and faithfully account for, and pay over to the persons or parties entitled thereto, all moneys so deposited with it, with interest thereon at the rate of four per centum per annum, whenever lawfully required so to do, and shall obey all lawful orders and directions which may be at any time made in reference thereto, then this obligation to be void, otherwise to remain in full force and virtue." The bond was approved by the county judge of Yates county, the form thereof by the attorney general, and the bond thus approved was received and approved by the comptroller, and filed in his office, soon after its execution. On the 28th day of May, 1896, the Yates County National Bank, being insolvent, passed into the hands of a receiver appointed by the comptroller of the currency, and, upon proper demand before suit brought, failed and refused to pay over the moneys mentioned in the complaint. Prior to 1892 the Yates County National Bank held certain

trust funds belonging to the care and custody of the county treasurer of that county, amounting to the sum of $2,049.40. Subsequent to the execution of the bond in suit there was deposited in the Yates County National Bank, in pursuance of the designation of the comptroller, under section 746 of the Code of Civil Procedure, the sum of $535.76. The referee allowed a recovery of the latter sum, and refused a recovery of the $2,049.40.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

G. D. B. Hasbrouck, Dep. Atty. Gen., for the People.
Morris & Gridley, for respondent Sheppard.
John H. Butler, in pro. per.

HARDIN, P. J. This action is not brought upon the official bond of the county treasurer, and therefore the provisions found in section 1888 of the Code of Civil Procedure do not apply. Section 1969 of the Code of Civil Procedure provides that an action may be brought in the name of the people, "although a right of action for the same cause exists by law in some other public authority," where any money or funds held or owned by the state, by a "board, officer, custodian, agency, or agent of the state, or of a city" or county, has been obtained, received, converted, or disposed of. In this action the bank had received funds (moneys), the care and supervision of which had been placed under the comptroller, and it was the duty of the bank and its sureties to pay over the money on demand; and when it declined to do so the language of its bond became operative, and the people were entitled to maintain an action to enforce the bond. People v. Backus, 117 N. Y. 196, 22 N. E. 759.

2. Prior to 1892 the supreme court supervised the trust funds in the hands of the county treasurers of the state. In that year the sections of the Code were amended so as to transfer from the supreme court to the comptroller the supervision of the trust funds in the hands of the county treasurer of the county. In that year section 746 of the Code of Civil Procedure was amended so as to provide that "all funds or moneys paid into court shall be deposited in such * * * bank * * * as shall be designated by the comptroller as soon as received by the custodian thereof." It was further provided in that section that the depositories designated shall pay a fair rate of interest, and "before receiving any such deposit shall give to the people of the state a good and sufficient bond with two or more sureties, in such form as the attorney general shall prescribe, such bond to be approved by the county judge of the county in which such savings bank, bank, trust company, bank association or banker shall be located, and by the comptroller of the state, and filed in the office of the comptroller." In pursuance of that section the bond in question was executed and delivered.

According to the testimony, Charles Hunter was elected county treasurer of Yates county, and took office on the 1st of January, 1895. He testifies that on or about January 3d, as county treasurer, he made a deposit in the Yates County National Bank; and he produced a check which he received from his predecessor, A. J. Henry Smith, for $6,287.72. He testifies, "I deposited it" after having in-

dorsed it in the Yates County National Bank. He testified that from the cashier he received "deposit books covering the amount of the deposit from the bank." In answer to a question as to what the check represented the witness said, "The trust funds to the beneficiaries that are down there on the book; the same names down on the bank book." He also testified that the bank gave him, as county treasurer, deposit books "showing the credit to each of the individual actions which are specified in Exhibit No. 3." The evidence satisfactorily establishes that, of the money received by the county treasurer on the 1st of January, 1895, there remained on hand at the time of the failure $2,585.16. Of that sum, all but $535.76 had been actually in deposit with the bank prior to the execution of the bond. When Mr. Hunter came into office, on the 1st of January, 1895, it was his duty to take control and supervision of the trust funds; and in doing so he received from his predecessor the check covering the funds, and made a deposit thereof in the bank. The force and effect of the check were to give Mr. Hunter, the new county treasurer, custody of the funds; and we think the force of the transaction was the same as though he had actually drawn the currency on the check, and turned around and deposited the same to his credit as county treasurer. It became his duty, under section 746 of the Code of Civil Procedure, as soon as he received the funds or moneys from his predecessor, to deposit the same in a bank or trust company designated by the comptroller. That duty was positive and imperative. The section of the Code provides that he shall, as soon as he receives and becomes the "custodian" of the moneys, make such deposit. He complied with the law when he received the check from his predecessor and turned around and made the deposit in his own name as county treasurer, he having become the custodian of the funds. This construction is supported by, and in harmony with, the language found in section 750 of the Code of Civil Procedure, wherein it is provided, viz.:

"On the expiration of the official term of a county treasurer, or where a vacancy occurs in his office, by death or otherwise, all public stock, bonds, mortgages and other securities held by him, as prescribed in this title, vests in his successor in office; and all money deposited as prescribed in this title, in a bank, trust company or other depository, to his credit, vests in, and must be carried to, the account of his successor in office."

It was therefore the duty of the bank officers to carry the moneys that were in the hands of Smith, the outgoing treasurer, to the account of his successor in office; and such was the fair intent and purpose of the outgoing treasurer and the incoming treasurer, as well as the bank officers, as gathered from the evidence which is adduced relating to what transpired when Hunter became the custodian of the funds. It has been repeatedly held that a check given upon a bank, upon a particular fund, operates as an assignment of that fund. Attorney General v. Insurance Co., 71 N. Y. 325. And in Pickslay v. Starr, 149 N. Y. 438, 44 N. E. 163, it was said that giving a check for money, if the money is in bank against which it is drawn, is like handing the money to the party.

In 1892 appellant Sheppard was president of the bank, and ap-

pellant Butler was director of the bank; and it is not unreasonable to suppose that they appreciated the force of the new legislation relating to the custody of trust funds, and that they entered into the bond with a full understanding that the state had inaugurated a new system, and intended that all trust funds held by county treasurers should be kept in a designated depository; and presumably they executed the bond in question with knowledge that the policy of the state had been changed, and that it was the intention of the legislation that all such funds should be secured, not only by a depository named by the comptroller, but that a bond should be executed from the depository, with sureties, for the purpose of giving further security to trust funds.

We think the learned referee fell into an error in his first conclusion of law, where he says that the defendants "are not liable for the said sum of $2,049.40, the amount due on the funds deposited with the bank, under the order of the court, prior to its designation by the comptroller as a depository." That conclusion is duly excepted to, and the exception presents an error requiring us to reverse the judgment.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except WARD, J., not voting.