(158 App. Div. 647.)

### PEOPLE v. METROPOLITAN SURETY CO.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. TAXATION (§ 112*)—CORPORATIONS—FRANCHISE TAX—TAX LAW—CONSTRUC-
TION.

> Tax Law (Consol. Laws 1909, c. 60) § 187, requires surety companies engaged in business within the state to pay an annual tax on or before the 1st day of June for the privilege of carrying on business on the gross amount of premiums received during the preceding calendar year for business done within the state. Section 192, subd. 5, declares that the company shall make a report on or before March 1st in each year showing the premiums received. *Held*, that such tax was not a tax on property, but for the privilege of exercising corporate franchises for the year prior to that in which the tax was assessed and payable, and hence a surety company prohibited by the insurance department from doing further business on December 3, 1908, and dissolved by judgment January 30, 1909, was nevertheless liable for a tax imposed under the law in 1909 for business done the preceding year.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 206; Dec. Dig. § 112.*]

2. TAXATION (§ 528*) — INSOLVENCY — DISTRIBUTION OF ASSETS — PREFERRED
CLAIMS.

> Claim of the state against a surety company for franchise tax imposed by the state for the year preceding that in which the company was dissolved at the instance of the insurance department is preferred, but does not draw interest.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 981; Dec. Dig. § 528.*]

Appeal from Special Term, Albany County.

Action by the People against the Metropolitan Surety Company to recover certain taxes under the Tax Law. From an order confirming the report of the referee disallowing the claim, plaintiff appeals. Reversed. Claim allowed.

See, also, 143 N. Y. Supp. 1136; 144 N. Y. Supp. 235, 1136.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Carmody, Atty. Gen. (James J. Barrett, of Syracuse, of counsel), for the People.

Edward R. Finch, of New York City, for respondent.

JOHN M. KELLOGG, J. [1] The insurance department on the 3d day of December, 1908, prohibited the defendant from doing any further insurance business. On January 6, 1909, an action was brought to dissolve the corporation, and it was dissolved by judgment of the court January 30, 1909, and a permanent receiver appointed.

On August 31, 1909, the comptroller imposed upon it a tax of $1,069.13 under section 187 of the Tax Law (Consol. Laws 1909, c. 60), being an amount equal to 1 per cent. on the gross amount of premiums for the preceding calendar year, and this action is brought to recover such tax.

The referee determined in substance that under the statute the tax levied in the year 1909 was for the privilege of exercising the franchise and doing business for that year, and dismissed the claim, which determination was approved of by the order appealed from.

Section 187 of the Tax Law required this company to pay an annual state tax on or before the 1st day of June for the privilege of exercising corporate franchises or carrying on business equal to 1 per centum on the gross amount of premiums received during the preceding calendar year for business done at any time in this state.

Subdivision 5 of section 192 of the Tax Law requires the company to make a report on or before March 1st in each year showing the premiums received. This tax is not upon property, but is for the privilege of exercising the corporate franchise.

The relator began business April 1, 1905. March 8, 1906, it made its report showing the gross premiums received during the preceding calendar year, and on or about May 29, 1906, paid a tax equal to 1 per centum thereof. June 24, 1907, it made its report of the gross premiums received during the year 1906, and on July 16, 1907, it paid a tax equal to 1 per centum thereof. About May 14, 1908, it made its report of gross premiums received during the year 1907, and on or about May 14, 1908, paid a tax equal to 1 per centum of such premiums. On the 26th of August, 1909, the receiver made a report of premiums received by the company during the year 1908, and this claim is made for 1 per centum of the gross amount of such premiums.

The statute contemplates that every company shall pay an annual tax for the privilege of doing business in a corporate capacity. Unless the payment made in 1906 was the tax for that privilege in 1905, the defendant escapes taxation for that year.

Exemption from taxation is the exception, and whoever claims an exemption from a general tax provision must clearly establish his right thereto. There is nothing in the statute which contemplates an exemption for any year, and, if the defendant escapes taxation for a year, it results from a forced construction of the statute which gives an exemption where none was intended.

The law in question does not state for what year the tax is imposed. The only statement is that there must be an annual tax paid, to be measured by the receipts of the previous year. It is a fair construction of the statute to treat the payment made in 1906 as payment for the privilege of doing business in the year 1905. Until the close of that year, there was nothing by which the tax could be measured. It would follow that the tax levied in 1909 was to pay for the privilege enjoyed in 1908.

It is true it would have been easy for the lawmakers to state that the tax payable in each year was for the privilege exercised the year before, or that the tax is payable in advance; but perhaps the general

language used was intended to meet every situation, and it is unnecessary to determine that in each year the tax represents the privilege enjoyed the year before. It is sufficient for the purposes of this case to determine that the defendant has not paid the tax for the privilege enjoyed in the year 1908, as the tax paid each year was for the privilege enjoyed the previous year.

Section 188 of the Tax Law, which refers to trust companies, does not differ materially in expression from the section now under consideration, except that the capital stock in the one case, the premiums of the previous year in the other, is the measure by which the amount of the tax is determined.

In People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 69 N. E. 124, the trust company was formed on the 24th of June, 1901. It was required to file its report on June 30th for the purpose of ascertaining the tax. The comptroller imposed a tax upon it for the year, apparently assuming that the tax was for privileges to be enjoyed in the future. The Court of Appeals, however, holds that the tax should be apportioned, and that the company was only required to pay from the time it began to do business up to June 30th, thus holding that the tax was not one payable in advance, but was for the privileges enjoyed for the preceding year. That case strongly confirms the view that the tax which the relator paid in 1906 was for the privileges it enjoyed in 1905, and that therefore the tax for the year 1908 has not been paid by the defendant.

[2] The claim is a preferred claim. Matter of Carnegie Trust Co., 206 N. Y. 391, 99 N. E. 1096; Matter of Niederstein, 154 App. Div. 239, 138 N. Y. Supp. 952. It does not, however, draw interest. People v. American Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200.

The order of the special term is therefore reversed, with costs, the referee discharged, and an order granted allowing the claim as a preferred claim, without interest. All concur.