(161 App. Div. 429)

UNITED STATES FIDELITY & GUARANTY CO. v. CARNEGIE TRUST CO. et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. SUBROGATION (§ 33*)—SURETY—PREFERENCE.

Code Civ. Proc. § 746, authorizes the State Comptroller to designate a depositary of court funds in the county in which the fund belongs.   Banking Laws (Consol. Laws, c. 2) § 189, and section 190 as amended by Laws 1909, c. 240, provide that all moneys brought into court may be deposited with such depositary; that, if dissolved, debts due from the depositary shall have the preference; and that before receiving any such deposits it shall give a surety bond.   A trust company designated by the Comptroller went into liquidation, and, on demand, the surety company paid the amount of its liability to the Comptroller and received an assignment of the state's rights; there being then in the hands of the superintendent of Banks as receiver undistributed assets of the depositary more than sufficient to pay the surety's claim.   Held, that the surety was entitled to a preference in the distribution of the depositary's assets.

[Ed. Note.—For other cases, see Subrogation; Cent. Dig. §§ 96–98; Dec. Dig. § 33.*]

2. SUBROGATION (§ 33*)—LIQUIDATION—CLAIMS—INTEREST.

In such case, the surety was not entitled to a preference as to the accrued interest on such sum, as to which it was only entitled to share ratably with the unpreferred creditors.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 96–98; Dec. Dig. § 33.*]

3. DEPOSITARIES (§ 13*)—LIABILITY ON BOND—PARTY ENTITLED TO PAYMENT.

Under Code Civ. Proc. § 1969, giving the state an action to recover public moneys, although a right of action therefor exists in some other public authority, and whether an action by such authority is pending or not, and section 1974, providing for the disposition of proceeds of actions by the state, the State Comptroller, upon liquidation of a designated depositary of court funds, was entitled to demand and receive the amount of the deposit from its surety and to assign state's rights therein to the surety.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 27; Dec. Dig. § 13.*]

Action by the United States Fidelity & Guaranty Company against the Carnegie Trust Company and George C. Van Tuyl, Jr., as Superintendent of Banks of the State of New York.   Submission of controversy upon an agreed statement of facts under sections 1279–1281 of the Code of Civil Procedure.   Judgment ordered for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

H. Snowden Marshall, of New York City, for plaintiff.
Frank M. Patterson, of New York City, for defendants.

SCOTT, J.   The sole question to be determined in this controversy is whether or not the plaintiff which was a surety for the Carnegie Trust Company, an authorized depositary for court and trust funds and for moneys paid into court, and which has fulfilled the condition of its obligation by paying the full amount for which it was liable as such surety, is entitled to a preference and priority of payment in the distribution of the funds of said trust company.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Carnegie Trust Company, a domestic banking corporation, was on March 20, 1908, duly designated by the Comptroller of the State of New York, pursuant to section 746 of the Code of Civil Procedure, as a depositary for court and trust funds and for moneys paid into court in and for the county of New York. At about the same time the plaintiff executed a bond to the people of the state of New York conditioned, as provided by law, for the proper security for funds deposited with the Carnegie Trust Company pursuant to such designation, and more particularly guaranteeing that the said trust company would faithfully account for and pay over all such moneys received pursuant to such designation to the people of the state of New York, or to the persons entitled thereto.

On January 7, 1911, under the provisions of the Banking Law of the State of New York, the defendant George C. Van Tuyl, Jr., as Superintendent of Banks of the State of New York, took possession of the property and business of the said Carnegie Trust Company, and has ever since retained such possession and is, at the present time, engaged in the liquidation of the affairs of said trust company.

On said 7th day of January, 1911, there were on deposit with the Carnegie Trust Company funds, deposited in pursuance of the aforesaid designation, representing money paid into court in and for the county of New York, and deposited with the chamberlain of the city of New York, and by said chamberlain deposited in the Carnegie Trust Company, amounting to the sum of $34,184.16.

Thereupon and on the 12th day of January, 1911, upon demand of the Comptroller of the State of New York, the plaintiff paid to said Comptroller for the people of the state of New York and in satisfaction of its aforesaid bond said sum of $34,184.16, and received an assignment, executed by said Comptroller, of the claim of the people of the state of New York against said Carnegie Trust Company, which assignment recited that said plaintiff thereby became subrogated to any and all of the rights of the people of the state of New York. The plaintiff thereupon duly filed with the Superintendent of Banks a claim for reimbursement out of the funds and assets of said trust company, which claim was in due course allowed. Plaintiff did not at that time, or at any time prior to February 4, 1913, assert a claim to a preference or priority of payment over other creditors of said trust company. No part of said claim has been paid except the sum of $11,964.46. It is conceded that there remains in the hands of the Superintendent of Banks an undistributed amount of money, assets of said Carnegie Trust Company, more than sufficient to pay plaintiff's claim in full.

It is conceded by the agreed statement of facts that the moneys with respect to which plaintiff paid the state as surety for the trust company were "funds deposited pursuant to such designation (of the trust company as depositary), representing money paid into court." They were therefore what is known to the law as court funds. Section 189 of the Banking Law (Consolidated Laws, c. 2; Laws 1909, c. 10),

referring to depositaries designated as was the Carnegie Trust Company, provides as follows:

"All moneys brought into court by order or judgment of any court of record may be deposited with any such corporation, that has been designated by the Comptroller of the State of New York, as provided by the Code of Civil Procedure."

And section 190 of the same act (as and by Laws 1909, c. 240) further provides:

" * * * If dissolved by the Legislature or the court, or otherwise, the debts due from the corporation as such executor, administrator, guardian, trustee, committee or depositary shall have the preference. * * * Whenever any such corporation shall be designated by the Comptroller of the State of New York as a depositary for funds and moneys paid into court, before receiving any such deposit, it shall give to the people of the state of New York a bond in the form and manner, as provided by section forty-four of this chapter."

[1-3] There can be no doubt that the moneys desposited in the Carnegie Trust Company by the chamberlain of the city of New York, being court funds, were entitled to a preference and priority of payment out of the assets of said company. The plaintiff therefore when it paid this indebtedness paid a debt for which the creditor would have been entitled to a preference if there had been no surety, or if the surety had defaulted in its obligation. Upon plain principles of law the surety thereupon became subrogated to all the rights, liens, and privileges of the principal creditor, including the right to a preference in the distribution of the assets of the principal debtor. We have taken occasion to discuss this subject at some length in a decision handed down at the same time as the present in a case in which this plaintiff claims a similar preference for having paid, as surety for the same trust company, an indebtedness due to the state for state funds deposited. United States Fidelity & Guaranty Co. v. Carnegie Trust Co., 146 N. Y. Supp. 804.

For the same reasons which led us to hold that the plaintiff was entitled to a preference in that case, we are of opinion that it is entitled to a like preference in this.

It is contended by the defendants that payment to the State Comptroller was not a payment to one who was entitled to a priority of payment as to the funds in question. We can find no sound basis for this contention. It is to be observed that the preference given by the statute is not given to the creditor as such, but it is the debt which is preferred, and necessarily whoever is entitled to claim payment of the debt is also entitled to claim a preference in payment. That the state was entitled to claim payment of this debt, and to call on plaintiff for the fulfillment of its obligation as surety for the depositary trust company, was not only admitted by the defendant Superintendent of Banks when he allowed plaintiff's claim, but is clearly provided by statute. See sections 1969 and 1974, Code Civil Procedure; People v. Sheppard, 37 App. Div. 119, 55 N. Y. Supp. 1130. The objection that plaintiff has waived its right to claim a preference because it did

not prefer such claim at the outset has been considered in the case between the same parties above referred to.

We are therefore of opinion that plaintiff is entitled to a preference in payment, out of the assets of the trust company, of the amount it paid in satisfaction of its liability as surety for said company as a designated depositary of court funds, but not with respect to the accrued interest on said sum as to which it is entitled to share ratably with the unpreferred creditors. People v. Am. Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200; United States Fidelity & Guaranty Co. v. Carnegie Trust Co., supra.

Judgment is therefore ordered in favor of the plaintiff in accordance with the foregoing opinion, with costs. All concur.