United States Fidelity and Guaranty Company, Plaintiff,
　*v.* Carnegie Trust Company and George C. Van Tuyl, Jr.,
　as Superintendent of Banks of the State of New York,
　Defendants.　(No. 1.)

First Department, March 6, 1914.

See head note in *U. S. F. & G. Co.* v. *Carnegie Trust Co., No. 2*
(*ante*, p. 429).

Submission of a controversy upon an agreed statement of
facts, pursuant to section 1279 of the Code of Civil Procedure.

*H. Snowden Marshall,* for the plaintiff.

*Frank M. Patterson,* for the defendants.

Scott, J.:

The sole question to be determined in this controversy is
whether or not the plaintiff, which was a surety for the Car-
negie Trust Company, an authorized depositary for court and
trust funds and for moneys paid into court, and which has
fulfilled the condition of its obligation by paying the full
amount for which it was liable as such surety, is entitled to a
preference and priority of payment in the distribution of the
funds of said trust company.

The Carnegie Trust Company, a domestic banking corpora-
tion, was on March 20, 1908, duly designated by the Comp-
troller of the State of New York, pursuant to section 746 of the
Code of Civil Procedure, as a depositary for court and trust
funds and for moneys paid into court in and for the county of
New York.　At about the same time the plaintiff executed a
bond to the People of the State of New York conditioned, as
provided by law, for the proper security for funds deposited
with the Carnegie Trust Company pursuant to such designa-
tion, and more particularly guaranteeing that the said trust
company would faithfully account for and pay over all such
moneys received pursuant to such designation to the People of
the State of New York, or to the persons entitled thereto.

On January 7, 1911, under the provisions of the Banking
Law of the State of New York (Consol. Laws, chap. 2 [Laws

of 1909, chap. 10], § 19, as amd. by Laws of 1910, chap. 452), the defendant George C. Van Tuyl, Jr., as Superintendent of Banks of the State of New York, took possession of the property and business of the said Carnegie Trust Company, and has ever since retained such possession, and is at the present time engaged in the liquidation of the affairs of said trust company.

On said 7th day of January, 1911, there were on deposit with the Carnegie Trust Company funds, deposited in pursuance of the aforesaid designation, representing money paid into court in and for the county of New York, and deposited with the chamberlain of the city of New York, and by said chamberlain deposited in the Carnegie Trust Company, amounting to the sum of $34,184.16.

Thereupon, and on the 12th day of January, 1911, upon demand of the Comptroller of the State of New York, the plaintiff paid to said Comptroller for the People of the State of New York and in satisfaction of its aforesaid bond said sum of $34,184.16, and received an assignment executed by said Comptroller, of the claim of the People of the State of New York against said Carnegie Trust Company, which assignment recited that said plaintiff thereby became subrogated to any and all of the rights of the People of the State of New York. The plaintiff thereupon duly filed with the Superintendent of Banks a claim for reimbursement out of the funds and assets of said trust company, which claim was in due course allowed. Plaintiff did not at that time, or at any time prior to February 4, 1913, assert a claim to a preference or priority of payment over other creditors of said trust company. No part of said claim has been paid except the sum of $11,964.46. It is conceded that there remains in the hands of the Superintendent of Banks an undistributed amount of money, assets of said Carnegie Trust Company, more than sufficient to pay plaintiff's claim in full.

It is conceded by the agreed statement of facts that the moneys with respect to which plaintiff paid the State as surety for the trust company were "funds deposited pursuant to such designation [of the trust company as depositary], representing money paid into court." They were, therefore, what is known

to the law as court funds. Section 189 of the Banking Law (Consol. Laws, chap. 2; Laws of 1909, chap. 10), referring to depositaries designated as was the Carnegie Trust Company, provides as follows: " All moneys brought into court by order or judgment of any court of record may be deposited with any such corporation, that has been designated by the Comptroller of the State of New York, as provided by the Code of Civil Procedure," and section 190 of the same act (as amd. by Laws of 1909, chap. 240) further provides " * * * If dissolved by the Legislature or the court, or otherwise, the debts due from the corporation as such executor, administrator, guardian, trustee, committee *or depositary* shall have the preference. * * * Whenever any such corporation shall be designated by the Comptroller of the State of New York as a depositary for funds and moneys paid into court, before receiving any such deposit, it shall give to the People of the State a bond in the form and manner, as provided by section forty-four of this chapter."

There can be no doubt that the moneys deposited in the Carnegie Trust Company by the chamberlain of the city of New York, being court funds, were entitled to a preference and priority of payment out of the assets of said company. The plaintiff, therefore, when it paid this indebtedness paid a debt for which the creditor would have been entitled to a preference if there had been no surety, or if the surety had defaulted in its obligation. Upon plain principles of law the surety thereupon became subrogated to all the rights, liens and privileges of the principal creditor, including the right to a preference in the distribution of the assets of the principal debtor. We have taken occasion to discuss this subject at some length in a decision handed down at the same time as the present in a case in which this plaintiff claims a similar preference for having paid, as surety for the same trust company, an indebtedness due to the State for State funds deposited. (*U. S. F. & G. Co.* v. *Carnegie Trust Co., No. 2,* 161 App. Div. 429.)

For the same reasons which led us to hold that the plaintiff was entitled to a preference in that case we are of opinion that it is entitled to a like preference in this.

It is contended by the defendants that payment to the State

Comptroller was not a payment to one who was entitled to a priority of payment as to the funds in question. We can find no sound basis for this contention. It is to be observed that the preference given by the statute is not given to the creditor as such, but it is the debt which is preferred, and necessarily whoever is entitled to claim payment of the debt is also entitled to claim a preference in payment. That the State was entitled to claim payment of this debt, and to call on plaintiff for the fulfillment of its obligation as surety for the depositary trust company, was not only admitted by the defendant Superintendent of Banks when he allowed plaintiff's claim, but is clearly provided by statute. (See Code Civ. Proc. §§ 1969, 1974; *People* v. *Sheppard*, 37 App. Div. 119.) The objection that plaintiff has waived its right to claim a preference because it did not prefer such claim at the outset was considered in the case between the same parties above referred to.

We are, therefore, of opinion that plaintiff is entitled to a preference in payment, out of the assets of the trust company, of the amount it paid in satisfaction of its liability as surety for said company as a designated depositary of court funds, but not with respect to the accrued interest on said sum as to which it is entitled to share ratably with the unpreferred creditors. (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *U. S. F. & G. Co.* v. *Carnegie Trust Co., No. 2, supra.*)

Judgment is, therefore, ordered in favor of the plaintiff in accordance with the foregoing opinion, with costs.

Ingraham, P. J., McLaughlin, Laughlin and Clarke, JJ., concurred.

Judgment ordered for plaintiff as stated in opinion, with costs. Order to be settled on notice.