MIXTER v. MOHAWK CLOTHING CO., Inc., et al.

(Supreme Court, Special Term, Schenectady County. November, 1915.)

1. CORPORATIONS ☞566—INSOLVENCY—PREFERRED CLAIM—TAXES.
     The claim of a city for a valid personal property tax is a preferred claim over claims of creditors in a receivership proceeding against an insolvent manufacturing company.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2283–2286; Dec. Dig. ☞566.]

2. CORPORATIONS ☞566—INSOLVENCY—PREFERRED CLAIMS—TAXES.
     No interest or penalty can be allowed on a claim for unpaid personal property taxes as a preferred claim against a manufacturing company in the hands of a receiver.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2283–2286; Dec. Dig. ☞566.]

Action by Mary E. Mixter against the Mohawk Clothing Company, Incorporated, and others. Claim for taxes allowed.

Edward D. Cutler, Corp. Counsel, of Schenectady (S. A. Wolongiewicz, of Schenectady, of counsel), for plaintiff.

Loucks & Alexander, of Schenectady, for defendant Schermerhorn.

WHITMYER, J. [1] A temporary receiver of the Mohawk Clothing Company, a New York state corporation, located in the city of Sche-

nectady, N. Y., was appointed on November 28, 1914. The order appointing him directed him to take possession of all of its property and to continue its business as a going concern, and enjoined all persons from commencing or prosecuting any action at law or in equity against it, or enforcing any claim or lien upon its property. The state, county, and city taxes for the year 1914 were thereafter duly levied, and a warrant for the collection of same was delivered to the city treasurer of said city on January 11, 1915. The warrant required the treasurer to collect, among other taxes, the sum of $624 from said corporation, as the tax upon its personal property for said year, 1914. A permanent receiver was appointed on March 27, 1915. After his appointment, the treasurer of the city filed a claim with the receiver for preference of its claim over the claims of other creditors to the amount of same, with interest. This was refused, and the matter is now here for determination. The claim is a preferred claim. Matter of Receivership of the Columbian Insurance Co., 3 Abb. Dec. 239; Central Trust Co. v. N. Y. City & N. R. R. R. Co., 110 N. Y. 250–259, 18 N. E. 92, 1 L. R. A. 260; Matter of Carnegie Trust Co., 206 N. Y. 391, 99 N. E. 1096, 46 L. R. A. (N. S.) 260; Matter of Northern Bank of New York, 85 Misc. Rep. 594, 148 N. Y. Supp. 70, affirmed 163 App. Div. 974, 148 N. Y. Supp. 70; People v. Metropolitan Surety Co., 158 App. Div. 648, 144 N. Y. Supp. 201; In re Atlas Iron Cons. Co., 19 App. Div. 415, 46 N. Y. Supp. 467; In re Ginsburg, 27 Misc. Rep. 745, 59 N. Y. Supp. 656; In re Welsbach Incandescent Gas Light Co., 59 N. Y. Supp. 1006. The case of Wise v. Wise Co., 153 N. Y. 507, 47 N. E. 788, relied upon by the receiver, is not to the contrary. That case involved a claim in which a prior specific lien had been obtained by the creditor. Matter of Carnegie Trust Co., supra.

[2] But, interest and penalties cannot be allowed, at least, not at the present time. People v. American Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200; People v. Merchants' Trust Co., 187 N. Y. 293, 79 N. E. 1004; People v. Metropolitan Surety Co., supra; Matter of Carnegie Trust Co., 161 App. Div. 285, 146 N. Y. Supp. 809; U. S. Fidelity & Guaranty Co. v. Carnegie Trust Co. et al., 161 App. Div. 429, 146 N. Y. Supp. 804; U. S. Fidelity & Guaranty Co. v. Carnegie Trust Co. et al., 161 App. Div. 435, 146 N. Y. Supp. 801; U. S. Fidelity & Guaranty Co. v. Borough Bank, 161 App. Div. 479, 146 N. Y. Supp. 870.

Order accordingly.