In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by WILLIAM T. EMMET, Superintendent of Insurance, for an Order to Take Possession of the Property and Liquidate the Business of THE EMPIRE STATE SURETY COMPANY.

Supreme Court, New York County, October 24, 1925.

**Corporations — insolvency — priority of claims — proceeding under Insurance Law for determination of claims against insolvent surety company — claim for unpaid taxes has priority — interest thereon not preferred — interest on claim by city of New York for unpaid taxes disallowed.**

While arrears in personal taxes constitute a preferred claim against an insolvent corporation, the interest thereon may not be given priority as against other creditors.

Accordingly, the determination of a referee in a liquidation proceeding, under the Insurance Law, against an insolvent surety company, whose assets were acquired by the State Superintendent of Insurance, disallowing interest upon a claim of the city of New York for unpaid taxes must be sustained.

LIQUIDATION proceeding under the Insurance Law.

*Clarence C. Fowler,* for the Superintendent of Insurance of the State of New York.

*Benjamin F. Schreiber* [*Alfred Rattheim* of counsel], for I. Briskman, claimant.

*Platt, Field & Taylor* [*L. G. Fritz* of counsel], for the Golden Eagle Association.

*Kelly-Hewitt & Harte* [*Charles O'Connor* of counsel], for Albert Conway.

*John H. Hazelton,* claimant in person.

*Edward A. Alexander* [*Frank Weinstein* of counsel], for the Estate of S. Weinstein, claimant.

*Simpson, Thacher & Bartlett* [*W. N. Seymour* of counsel], for Mary A. Fitzgerald.

*Carlyle & Norwood* [*Paul Koch* of counsel], for Theodore K. McCarthy, receiver.

LEVY, J.:

This proceeding involves the determination of claims against an insolvent surety company, whose assets were taken over by the State Superintendent of Insurance. Among these claims is one by the city of New York for unpaid taxes. The referee has admitted this as a preferred claim without interest. The amount is trivial but as an important principle is involved, the learned corporation counsel in an able brief has argued that the referee was in error in disallowing this interest. The position taken by counsel for the city is that the seven per cent interest on past due taxes is compensatory in its nature and not a penalty; that the current tendency in the Federal courts is to allow interest on taxes as a prior claim, and that the decisions of the State courts which have refused to prefer such claims for interest have been based on the principle that the amount so claimed was actually a penalty in the guise of interest. Against stockholders of a corporation there is no doubt that interest is chargeable down to the time of payment of claims before there can be a return of any surplus to the stockholders. (*People* v. *American Loan & Trust Co.,* 172 N. Y. 371.)

Supreme Court, October, 1925. [Vol. 125

But, where the assets are not sufficient to leave a surplus or to pay all the creditors in full, it obviously follows that the allowance of interest to the preferred creditors would be at the expense of those not so preferred. The court has, therefore, said in the *American Loan & Trust Co.* case: " As between the creditors themselves, however, no interest should be allowed during the process of administration, and the delay necessarily resulting therefrom, because the assets are equitably their assets, the administration is for their benefit and the delay is necessary to enable them to take action to present their claims in proper form, as well as to enable the court to put the assets in shape for distribution."

This rule is equitable and simple in its application and is a check upon the temptation to prolong the administration of the insolvent estate in order to profit from a rate of interest higher than might have been attainable by the creditor in normal course. Thus, in the instant case, the interest rate on unpaid taxes is considerably higher than the rate which the city pays as borrower. The delay in payment was not due to any fault of the corporation, but incidental to the conservation of the estate in the hands of the Superintendent of Insurance. It does not, therefore, seem equitable to penalize the other creditors for a delay in which they had no part, but which was a necessary circumstance in the administration of the funds and the marshaling of the assets.

It is perfectly true that section 1017 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1916, chap. 602) makes interest on taxes upon real estate as well as the taxes themselves a preferred lien upon the property. But no such specific preference is given the personal taxes or the interest thereon. And in *People* v. *Metropolitan Surety Company* (158 App. Div. 647) it was held that franchise taxes are a preferred claim but without interest, the case of *People* v. *American Loan & Trust Co.* (*supra*) being cited as authority for the disallowance of such interest. Furthermore, in *Mixter* v. *Mohawk Clothing Company* (155 N. Y. Supp. 647) the court refused to allow " interest and penalties " on personal taxes. The counsel for the city admits that a penalty does not constitute a preferred claim, but in his attempt to distinguish requests the court to take judicial notice of the fact that the interest rate assessed by the city of Schenectady in the case last mentioned was so high as to amount to a penalty. The language of the decision, however, is very specific in disallowing both *interest* as well as *penalties*. This holding is, therefore, authority for the proposition that while arrears in personal taxes constitute a preferred claim against an insolvent corporation, *interest* is not of this category as against the other creditors. In the absence of a definite

statute applicable to arrears on personal taxes, such as the one cited relating to interest on taxes upon real property, it follows that the determination of the referee in disallowing such interest must be sustained.