In the Matter of ELEANOR F. HALL, Judgment Creditor, against NED WAYBURN DANCING, SINGING & DRAMATIC SCHOOL, INC., Judgment Debtor.

City Court of New York, Special Term, New York County, October 22, 1943.

*Jacob I. Polstein* for Benjamin Rusaack, receiver.

*Hyman I. Fischbach* for judgment creditor.

*David Kamerman* for judgment debtor.

*Nathaniel L. Goldstein, Attorney-General (Alfred H. Sarno* of counsel), for State of New York.

*J. R. Ascuitto* for Employer's Liability Assurance Corporation, Ltd.

PARELLA, J. It is believed that the lien asserted by the State of New York based upon its claim for contributions due from the judgment debtor under the New York State Unemployment Insurance Law (Labor Law, art. 18) is subject to the general expenses of the receivership, including receiver's commission, disbursements and his attorney's fee (cf. *Matter of Atlas Iron Constr. Co.,* 19 App. Div. 415; *Rosenzweig* v. *Zirkatz Realty Corp.,* 145 Misc. 653; *Bauer* v. *Wilkes-Barre Light Co.,* 274 Penn. St. 165; 1 Clark on Receivers [2d ed.] §§ 646, 670; also see Note, 24 A. L. R. 1174 *et seq.*). The Attorney-General suggests that there is a difference in this respect between a receivership in supplementary proceedings and a general receivership for the benefit of all creditors, but I do not find any basis for such a distinction. I do not think that the general statement found in the *Per Curiam* opinion in *Matter of Linch* v. *Second Ave. R. R. Co.* (180 App. Div. 882) is applicable to the facts of the present case.

The motion to settle the receiver's account and to discharge him of his trust is granted. The receiver is allowed a commission of $50, his attorney a fee of $75, and the disbursements of $17.12 plus $20 premiums on the receiver's bond are approved. The balance remaining in the possession of the receiver, over and above the aforesaid allowances and disbursements, may be paid to the State of New York on account of its claim for unemployment insurance taxes.

Submit order on notice to all respondents.