No. 14,709.

SHULL *v.* THE FONTANET CO-OPERATIVE MINING AS-
SOCIATION ET AL.

LIEN.—*Labor Performed in Working Mine.—Expenses Incurred by Assignee.—
Preference.*—The costs and expenses, including wages of a laborer that he employed, incurred by the assignee of a mining property, are made by statute a preferred claim and lien upon the property assigned, prior to all other claims, even to those for labor incurred prior to the assignment of the property. Elliott's Supp., section 1598.

SAME.—*Assignment of Property.—Foreclosure of Claim.—Innocent Purchaser.—
Laborer's Claim.*—A mining company made an assignment of all its property to F., authorizing him in the deed of assignment to operate and develop the mine, pledging him the property as security for any money he advanced of his own in developing the mine, and directing him to pay certain debts. Prior to the assignment a mortgage was given D. on the property assigned, and recorded. C. held a duly recorded mechanic's lien, and S. a valid claim for mining labor rendered the assignee. F. took possession of the property, advanced $5,000, and a year afterwards foreclosed his lien except as against D., C. and S., and at the sale under the decree the Coal Bluff Mining Company purchased it. The plaintiff worked for F. in the mine, but the purchaser had no knowledge of his claim for wages.

*Held,* that the plaintiff was entitled to foreclose his lien for wages against the property in the hands of the purchaser, standing on the same basis with the claims of F.; and the fact of F. abandoning the trust and foreclosing his claims did not affect the plaintiff's lien or rights.

From the Vigo Circuit Court.

Shull *v.* The Fontanet Co-Operative Mining Association *et al.*

*I. N. Pierce,* for appellant.

*A. M. Higgins, R. B. Stimson, S. C. Stimson* and *L. D. Thomas,* for appellees.

OLDS, C. J.—The appellee the Fontanet Co-Operative Mining Association was the owner of certain real estate, coal mines and personal property in Vigo county. On the 9th day of September, 1885, it conveyed, and by written instrument transferred and sold, to appellee Foley the said real and personal property owned by the company in trust. By the terms of the trust, Foley was authorized and empowered to take possession of said property, operate the coal mines so conveyed, and to pay out of the net proceeds of said mines the debts of said association, and to use all the resources, funds and securities so conveyed and transferred to him, independent of all directions or control of said association, for the purpose of developing and equipping said mines. By the terms of the trust, the only interest in said property reserved to said association was the right to the residue thereof after said debts had been paid, and said Foley had reimbursed himself for his labor and expenditures in the execution of said trust.

Among the debts said trustee was to pay was a mortgage of $1,000 on the property conveyed, executed by said Fontanet association to Blackford Condit on the 20th day of August, 1885, and duly recorded September 10th, 1885, which mortgage was duly assigned to the defendant Milton S. Durham, and was by him duly foreclosed by decree of the Vigo Circuit Court; also a lien upon the said property for material and labor furnished to said association and used in opening and developing said mine, for $420.63, in favor of the appellee Joseph D. Carter, and duly recorded August 29th, 1885, which lien was duly foreclosed by said Carter by decree of the Vigo Circuit Court, October 11th, 1886. The appellee Schnenker also had a valid claim for labor ren-

dered to said mining association in said mine for the sum of $100.

Foley took possession of said property under said trust September 9th, 1885, and in the execution of said trust expended of his own funds $5,000 for necessary costs and expenditures in the execution of said trust, which was secured to him by the pledge and possession of said property, by the terms of the trust, and by a mortgage thereon.

On the 13th day of November, 1886, said Foley, by decree of the Vigo Circuit Court, duly foreclosed his said pledge and mortgage upon all of said property against said mining association, subject to the liens of the claims of Durham, Carter and Schnenker; Schnenker's claim having been foreclosed in the same action.

On the 10th day of December, 1886, Foley duly caused an order of sale to be issued upon his said decree by virtue of which all the property of the Fontanet association was duly sold to the appellee the Coal Bluff Mining Company, subject to the claims of Durham, Carter and Schnenker, which claims the Coal Bluff Company purchased and held, and the Coal Bluff Company had no notice of appellant's claim.

The appellant was employed by Foley after Foley received the assignment of the property of the Fontanet Company, and worked in the coal mines from November, 1885, to April, 1886, his wages amounting to $130.44, which were not paid by Foley, and he was not made a party to any of the suits for foreclosure of liens upon the property.

The appellant brings this suit, alleging the employment, the performance of the services, and that his claim is due and unpaid; asking to have a lien declared in his favor upon the property; making the appellees parties defendant, alleging they have, or claim to have, some interest in the property adverse to his.

The appellees, other than the Coal Bluff Mining Company, answer by denial.   The Coal Bluff Mining Company

answers, alleging the facts as above set out. The appellant demurred to the answer, the demurrer was overruled, and exceptions were taken, and judgment rendered upon the demurrer.

This ruling is assigned as error.

The property of the Fontanet Association passed into the hands of Foley as assignee, with authority to run and operate the coal mine.

By section 1598, Elliott's Supplement, it is made the duty of the assignee to pay all debts due for manual labor before paying any other claims except the legitimate costs and expenses. The fair interpretation of this section is that the costs and expenses incurred by the assignee are made a preferred claim and prior lien upon the property to all other claims, even to those for labor incurred prior to the property being transferred to the assignee. The expense of operating the mine incurred by Foley was part of the costs and expense incurred by him. The assignment was made for the purpose of and power given to Foley to develop and operate the mine. The appellant's work was for labor in the mine performed for the assignee, Foley, and is a preferred claim.

Appellant's claim stands in the same relation to the property as does all the other expense incurred by Foley, and the appellant is entitled to share with Foley in the proceeds of the property of the company. The fact that Foley paid the other expenses incurred while operating the mine, and foreclosed his lien, not making the appellant a party, does not cut the appellant out from recovering what is justly due him for labor performed in the mine, developing and operating the mining property.

If the assignee, Foley, had closed up the business and paid the claims it would have been his duty to have first paid the expenses incurred by him, including the claims for manual labor in operating the mine, and next to have paid off the claims for manual labor incurred prior to the assignment.

The fact that he operated the mine for a time, or spent a large amount of labor and means in developing the mining

property, and before realizing a sum as profits sufficient to pay the expense incurred he abandoned the trust, and sued and recovered what was due him individually, did not deprive laborers, whose claims had not been paid, of the right to have their claims adjusted and paid out of the funds in the order of their priority. This is in accordance with the equitable rights of laborers performing services for the betterment of property, or conducting a business rendered advantageous only by their labor, independent of any statute. See *Farmers Loan and Trust Co.* v. *Canada, etc., R. W. Co.,* 127 Ind. 250, and authorities therein cited.

The court erred in overruling the demurrer to the answer of the Coal Bluff Mining Company.

The judgment is reversed, at the costs of the appellees, with instructions to sustain the demurrer to the answer of the Coal Bluff Mining Company, and for further proceedings in accordance with this opinion.

Filed Feb. 18, 1891; petition for a rehearing overruled May 22, 1891.