IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1905, AND MAY
TERM, 1906, IN THE NINETIETH YEAR
OF THE STATE.

---

### McDANIEL ET AL. *v.* OSBORN ET AL.

[No. 20,723. Filed October 24, 1905. Rehearing denied January
23, 1906.]

ASSIGNMENTS FOR BENEFIT OF CREDITORS. — *Laborers' Liens.* —
*Mortgages.—Priorities.—Statutes.*—Section 7058 Burns 1901,
Acts 1885, p. 36, §3, making debts due for manual or mechanical
labor a preferred claim against property of a debtor in the
hands of an assignee or receiver, does not give such debts a
preference over a prior mortgage on such property. *Small* v.
*Hammes,* 156 Ind. 556, and *Bell* v. *Hiner,* 16 Ind. App. 184,
disapproved.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Suit by Cyrus Osborn against Henry S. Cox, as assignee
of James O. Winsted, and others, in which Raymond R.
McDaniel and others intervened. From a decree against
intervenors, they appeal. Transferred from Appellate
Court under subd. 2, §1337j Burns 1901, Acts 1901, p.
565, §10. *Affirmed.*

*Murat W. Hopkins* and *Russell T. McFall,* for appellants.

*Robert T. Hollowell* and *Harding, Hovey & Wiltsie,* for
appellees.

MONTGOMERY, J.—Appellee Cyrus Osborn brought this
suit upon two notes, one for $850, and one for $1,200,

dated January 13, 1898, due in four months and in two years, respectively, after date, and to foreclose two real estate mortgages given to secure the same. Appellants, upon their own application, were made parties to the suit, and filed their intervening petition, setting up their respective claims against the mortgagor, and averring that they were liens upon the mortgaged property superior to the lien of appellee Osborn's said mortgages. Said appellee's demurrer to this petition for want of facts was sustained, and, appellants declining to plead further, judgment was rendered against them for costs. Such further proceedings were had in the case as resulted in a judgment for appellee Osborn upon said notes, and a decree foreclosing said mortgages and ordering the sale of the mortgaged premises.

It is alleged on appeal that the court erred in sustaining the demurrer of appellee Osborn to the intervening petition of appellants.

Appellants averred in their petition, that James O. Winsted, the mortgagor, became the owner of the real estate in question on December 19, 1892, and continued as such owner until July 15, 1901, at which time he made a voluntary assignment of all his property to Henry S. Cox, as trustee for the benefit of his creditors, under the laws of this State; that at the time of the execution of said mortgages said Winsted was, and prior thereto had been, and thereafter until the date of assignment continued, in the business of general farm implement merchandizing; that on July 15, 1901, said Henry S. Cox accepted the deed of assignment, caused the same to be duly recorded, qualified as such assignee, and entered upon the duties of his trust; that on October 5, 1901, said Winsted was duly adjudged a bankrupt by the United States district court for the district of Indiana, and on November 25, 1901, James M. Ogden was appointed and qualified as trustee in bankruptcy of all the property of said bankrupt; that in January, 1902, appellee Osborn commenced this suit, and caused William

C. Osborn to be appointed by the court as receiver of the mortgaged property, "to take charge of the property, rent the same, and collect the rents and profits and apply them to the payment of the plaintiff's debt, taxes, and the making of necessary repairs of the buildings on said property," and that said receiver qualified and took charge of said property; that the money realized from sales of property coming into the hands of James M. Ogden as trustee in bankruptcy was not more than sufficient to pay the actual costs of the administration of said bankruptcy matter, and that there were no funds and would be none for distribution to any creditor of said Winsted; that within six years next preceding July 15, 1901, appellants each performed "manual and mechanical labor, work and services for said James O. Winsted, at his special instance and request, for which he is indebted" to appellant McDaniel in the sum of $107.85, to appellant Sadie Winsted in the sum of $112.75, and to appellant Elmer B. Winsted in the sum of $800.39, all of which was due; that said James O. Winstead was insolvent, and all his property had passed into the hands of Henry S. Cox, as assignee as aforesaid, since which time he had not had any control of the same; and that the claim and right of appellee in and to said property was inferior to the liens and claims of appellants. The prayer was that appellants' claims be decreed to be liens upon said real estate, and ordered paid first and in full out of the proceeds arising from the sale of said mortgaged premises. It was also shown by the record that by an order of the federal court the mortgaged property was abandoned by the trustee in bankruptcy, on the ground that there were no equities in the property above the mortgages.

The theory of appellants' petition evidently is that their claims for labor, under the statute, became liens upon the property of their debtor Winsted at the time the title to such property passed to his assignee under the deed of assignment for the benefit of creditors, superior to the liens

and claims of all other persons; and that the lien, having once attached, was not divested by the subsequent bankruptcy proceeding in the federal court. If the premises are sound, the conclusion must of necessity follow.

The statute upon which the claims of appellants are based is §7058 Burns 1901, Acts 1885, p. 36, §3, and reads as follows: "All debts due any person for manual or mechanical labor shall be a preferred claim in all cases against any individual, copartnership, corporation or joint stock company where the property thereof shall pass into the hands of an assignee or receiver, and such assignee or receiver in the distribution and payment of the debts shall be required to first pay in full all debts due for manual or mechanical labor before paying any other, except the legitimate costs and expenses." The act is entitled: "An act in regard to the payment of employes of companies, corporations, individuals and associations doing business or employing labor in this State." This statute has not been construed upon the point in question by this or the Appellate Court, but §7051 Burns 1901, Acts 1885, p. 95, which is similar in principle, has been considered in a number of cases.

Appellants' counsel, in support of their contention, have cited cases in which other statutes upon the subject of liens and preferences have been construed and applied, to which we will briefly refer. *Warren* v. *Sohn* (1887), 112 Ind. 213, involved §7448 Burns 1901, §5471 R. S. 1881, by the terms of which a lien is expressly given to miners and other employes for their labor, prior and paramount to all other liens, except the lien of the State for taxes, and the decision is clearly right. *Bass* v. *Doerman* (1887), 112 Ind. 390, involved §7051, *supra*, and was correctly decided upon the facts stated. *Watts* v. *Sweeney* (1891), 127 Ind. 116, 22 Am. St. 615, presented the question of priority of the lien of a mortgagee of a locomotive engine and that of a mechanic under §7268 Burns 1901, §5304 R. S. 1881, for

necessary repairs made upon the order of the mortgagor while in possession of the property, and was rightly decided. The case of *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 11 L. R. A. 740, correctly declared the priority of the lien of laborers for labor performed in the construction of a railroad, where the lien was acquired upon notice duly given and recorded as provided by §§7265, 7266 Burns 1901, Acts 1889, p. 257, §6, Acts 1883, p. 140, §13. In *Shull* v. *Fontanet, etc., Mining Assn.* (1891), 128 Ind. 331, it was held that the claim of a laborer rendering services for an assignee while in charge of and operating a coal mine was preferred, and should have been paid as a part of the costs and expenses of the assignee. The case of *Aurora Nat. Bank* v. *Black* (1891), 129 Ind. 595, correctly declared the priority of the liens of laborers acquired upon notice given and recorded in accordance with the provisions of §§7248, 7249 Burns 1901, §§5286, 5287 R. S. 1881, by the terms of which such laborers might obtain "a first and prior lien upon the corporate property." *McElwaine* v. *Hosey* (1893), 135 Ind. 481, correctly construed section one of the mechanics' lien law (Acts 1889, p. 257, §7255 Burns 1894). The case of *Jenckes* v. *Jenckes* (1896), 145 Ind. 624, also involved the construction of the mechanics lien law (§§7255, 7257 Burns 1894, Acts 1889, p. 257, §§1, 3), but it was expressly overruled in the case of *Sulzer-Vogt Machine Co.* v. *Rushville Water Co.* (1903), 160 Ind. 202. The cases of *Small* v. *Hammes* (1901), 156 Ind. 556, and *Bell* v. *Hiner* (1896), 16 Ind. App. 184, construed §7051, *supra,* and, so far as they may be deemed authority for the construction of the statute under immediate consideration, are disapproved.

There is no intent manifest in the title, or from any language employed in the body of the statute under consideration, that an employe should have or could acquire a lien upon all the property of his employer on account of general manual or mechanical labor. It is provided, only, that

when the property of the debtor passes into the hands of an assignee or receiver for administration in the interest of creditors, and the estate is reduced to cash and ready for distribution, the laborer shall be so preferred as to receive payment of his claim first in point of time, and to the full amount, as against the claims of general creditors. As a general rule, an assignee or receiver can not acquire or exercise any greater title or rights in and to the property committed to his control than the insolvent or embarrassed debtor had and could enforce. An assignor can not transfer to his assignee a greater right than he holds himself; and, as against a *bona fide* and valid encumbrance upon his property, his assignment passes only his equity of redemption in the property covered by the lien. This equity of redemption is all that the assignee or receiver may ordinarily sell and administer upon, and by the sale of such equity and any other property in his hands, the fund is created for distribution, out of which the assignee or receiver is directed by this statute to pay labor claims first and in full, after the payment of his own legitimate costs and expenses. The assignment statute (§2911 Burns 1901, §2674 R. S. 1881) expressly declares that "any part of the property assigned on which there are liens or encumbrances may be sold by the trustee, subject to such liens or encumbrances," except when otherwise ordered by the court for cause shown upon special application. There is a very clear and marked distinction between a preferred debt, and a debt secured by a specific lien. A general debt can not become superior to another secured by a lien, unless expressly made so by a valid law; and, if a statutory lien is to be created, the language employed should be specific in declaring the fact, as well as the nature, character and extent of such lien. The construction contended for by appellants would require the court to infer the lien, and that it attached to this particular property, and superseded a pre-existing valid mortgage. If such a result is within the

meaning and intent of the statute, then, in case of an employer's insolvency, labor claims in amount unlimited, and bounded in time only by the statute of limitations, may be enforced against his estate to the displacement and exclusion of debts of unquestioned validity, secured by mortgage liens of many years standing. We are unable to ascribe such an intent to the legislature, or so to interpret this statute. The obvious purpose of the legislature in this enactment was to give laborers of the class named in the statute preference in the payment of their claims from the estate of the insolvent employer, in the same sense and to the same extent that preference is given in the payment of funeral expenses under the statute for the administration of decedents' estates.

The facts alleged in appellants' intervening petition were not sufficient to show the existence of a lien in their favor upon the mortgaged premises, and the demurrer of appellee Osborn was rightly sustained. The judgment is affirmed.

Hadley, J., did not participate in this decision.