## CRAMPTON v. LAUTZ BROS. & CO., Inc.

### (District Court, W. D. New York. April 1, 1921.)

**Courts ⬅═363—Priority of claims for wages given by state law followed in distribution of assets of domestic corporation.**

In the distribution by a federal court of the assets of a domestic manufacturing corporation in a suit to preserve the good will and property of the corporation, effect may equitably be given to a state statute giving priority to claims of employés for wages.

In Equity. Suit by William C. Crampton against Lautz Brothers & Co., Inc. On petition for allowance of priority to claims for wages. Granted.

Love & Keating, of Buffalo, N. Y. (George P. Keating, of Buffalo, N. Y., of counsel), for petitioner.

Franklin R. Brown, of Buffalo, N. Y. (John E. Durkin, of Buffalo, N. Y., of counsel), for receivers.

HAZEL, District Judge. This action was brought to preserve the good will and property of the defendant, a domestic corporation, and as the order appointing receivers contained a direction that the business be continued as a going concern the receivers retained in the service of the corporation the petitioner and other employees to maintain it. Thereafter this court, on application of the receivers, made an order directing them to pay the back wages of all employees.

The question now arises, after sale of the assets of the defendant company, whether this court has power to direct priority payment of the wages of workmen over other unsecured debts, as provided by section 9 of the Labor Law of this state. The statute of the state of New York, true enough, as contended, does not control this proceeding; still upon a question of priority of payment of wages it should be taken into consideration, in view of the fact that defendant is a domestic manufacturing corporation. Dickinson v. Saunders, 129 Fed. 16, 63 C. C. A. 666. If there had been an adjudication in bankruptcy of the defendant company, the petitioner would have been entitled to his earnings for a period of three months before the proceeding was begun, not

exceeding, however, $300, but instead a bill in equity prayed to preserve the assets on the theory of solvency.

The receivers took the property, not only subject to existing liens, but also as to any priorities of payment of wages for labor as against unsecured creditors. There is persuasive authority for this holding. In Dickinson v. Saunders, supra, the facts were not unlike those here. There it was urged that the claims of employees were on no different footing than those of the unsecured liabilities, but the Circuit Court of Appeals for the First Circuit reached a different conclusion, and in its opinion said:

"It is simply a question between different classes of unsecured creditors; that is, between those who, on the one hand, are understood to give credit, and those, who, on the other, furnish labor with no intention of credit, but with the expectation of immediately being paid from day to day out of the accruing earnings of the property. Therefore the questions arise whether there is such an equity, and, if yes, what is its extent? This equity, if it exists at all, is, of course, applicable to all classes of employers whose property comes into the hands of chancery for administration."

The court approved of the decision in Jones v. Arena Publishing Co., 171 Mass. 22, 50 N. E. 15, wherein it was substantially stated that it would be plainly inequitable if a general creditor in an action to preserve assets of a corporation secured an equitable division of the assets and the further advantage of reducing to the level of common creditors the wages of workmen who would be entitled to priority if the assets were left to be administered at law. Moreover, I think the priority of employees under the Labor Law of this state over other unsecured creditors is fairly implied in this circuit in Schmidtman v. Atlantic Phosphate & Oil Corp., 230 Fed. 769, 145 C. C. A. 79, and in this district whenever the question has heretofore arisen, it has been held that since receivers represent the corporation, and generally are authorized to continue the business and good will of the company, the state Labor Law giving to wage-earners a preference in payment over other unsecured creditors was equitable and just, and should be applied by analogy.

The decisions cited in opposition to the priority of payment herein deal with corporations of a quasi public character wherein such payments are justified; but I am unable to draw the inference from them that as to manufacturing corporations such priorities of payment would be inequitable to other unsecured creditors. It is perhaps not difficult to conceive of a situation where it would be inequitable and unjust to grant employees priority of payment over the general creditors, but such a situation is not presented. In this case the circumstances of the order appointing receivers to continue the business as a going concern necessitating retaining the employees, or some of them, the subsequent order directing payment of back wages, and the knowledge of such orders possessed by the purchaser at the sale equitably require, I think, applying the Labor Law of the state and directing prior payment in full of the claim in question.

So ordered.