**FIRST NATIONAL BANK OF INDIANA, Appellant,**

v.

David GABONAY, James Greemwell, Steve Young, Daniel Russell, Thomas Marlett, James Jent, James Robinson, Donald Whitehead, Jimmie Owens, Gary Gilmore, Scott Roark, Michael Russell, James Estes, Bobby Whitt, Steve Jent, Mike Russell, Dewey Stinson, and Steven Webster, Appellees.

No. 20A04–8904–CV–147.

Court of Appeals of Indiana, Fourth District.

Nov. 9, 1989.

James R. Byron, James H. Milstone, Thorne Grodnik & Ransel, Elkhart, for appellant.

William R. Groth, Fillenwarth Dennerline Groth & Baird, Indianapolis, for appellees.

MILLER, Judge.

The First National Bank of Indiana [defendant/appellant] appeals the judgment entered in favor of several former employees [plaintiffs/appellees] of the defunct corporation of Gratzol & Nicodemus Roofing & Sheet Metal Co., Inc. [corporation]. The Bank seized the employees' corporation's property in satisfaction of debts—real estate owned by the corporation was seized pursuant to a mortgage and the corporation's personal property was seized pursuant to a properly perfected security agreement. The employees asserted unsatisfied claims for wages due from the corporation. Because the facts were undisputed the case was submitted to the trial court by cross motions for summary judgment.

The trial court found that, pursuant to IND.CODE 22-2-10-1, the employees' claims for unpaid wages—earned during three months preceding the seizure to the extent of $600.00 per worker—were superior to the Bank's secured interest in the defunct corporation's personal property—but not the real property. The court entered judgments accordingly in favor of several employees for the total amount of $6,513.36 to be satisfied out of the personal property of the defunct corporation. The employees raise cross-error asserting their claims for unpaid wages should be superior to the Bank's interest in the corporation's real property as well. We reverse and remand with instructions the trial court grant the Bank's motion for summary judgment which establishes that the Bank's liens—on real and personal property—are superior to the employees' claims for wages.

## Issue

Whether I.C. 22-2-10-1 establishes that employees' claims for unpaid wages have priority over secured interests in real and personal property?

## Facts

Gratzol & Nicodemus Roofing & Sheet Metal Co., Inc. was indebted to the First National Bank under a promissory note dated March 19, 1986. This debt was secured by the corporation's goods, equipment, fixtures, inventory, and accounts receivable. This security interest was properly perfected by filing April 13, 1984. First National also took a mortgage in real estate owned by the corporation and properly recorded it on March 24, 1986. The employees do not attack the validity of the Bank's liens, only the priority.

On October 23, 1987, the corporation ceased business and surrendered to the Bank the personal property securing the note. The corporation fired all the employees but failed to pay all the wages due. Some of the unpaid wages had accrued within the three months before the termination of the business. The employees made a demand upon the Bank for the payment of unpaid wages pursuant to I.C. 22-2-10-1.

## Decision

■ This case involves the interpretation of I.C. 22-2-10-1 which grants employees a preference over other creditors for unpaid wages in the event their employer goes under. It provides:

Hereafter, when the property of any company, corporation, firm or person, engaged in any manufacturing, mechanical, agricultural or other business or employment, or in the construction of any work or building, shall be seized upon any mesne or final process of any court of the state, or where their business shall be suspended by the action of creditors

or put into the hands of any assignee, receiver, or trustee, then in all such cases *the debts* owing to laborers or employees, which have accrued by reason of their labor or employment to an amount not exceeding six hundred dollars ($600) to each employee, for work and labor performed within three (3) months next preceding the seizure of such property, shall be considered and treated as preferred debts and such laborers or employees shall be preferred creditors and shall be first paid *in full,* and if there be not sufficient to pay them in full then the same shall be paid to them pro rata, after paying costs. (pertinent part only; emphasis ours)

The employees argue this section provides that their claims for unpaid wages have *priority over all other claims* including secured interests in personal or real property. The Bank asserts that, while this section grants employees' claims for unpaid wages priority over other *unsecured* creditors, secured claims remain paramount over wage claims.

Our supreme court addressed the present issue in interpreting a predecessor to the above statute.[1] (Neither party asserts the predecessor statute(s) are distinguishable from the present statute with respect to relative priorities of competing claims/security interests. However, the employees seek to distinguish the statutes by distinguishing the events which trigger the statutes' operation.) The court held a

claim for labor did not become a lien upon the assets of a defunct firm superior to the liens of prior existing security interests, but became merely a preferred debt, to be satisfied in preference to the claims of general creditors. *McDaniel v. Osborn* (1905), 166 Ind. 1, 75 N.E. 647.

The statute under scrutiny today provides for a "preferred debt" not a "lien." The *McDaniel* court noted that such a distinction makes a difference. It held:

There is a very clear and marked distinction between a preferred debt and a debt secured by a specific lien. A general debt cannot become superior to another secured by a lien, unless expressly made so by a valid law; and, if a statutory lien is to be created, the language employed should be specific in declaring the fact, as well as the nature, character, and extent of such lien. *McDaniel, supra* 166 Ind. at 6, 75 N.E. at 649.

Certain transactions are excluded from the application of article nine security interests. IND.CODE 26–1–9–104. Relevant to our analysis are 1) landlord's *liens* (excluded by I.C. 26–1–9–104(b)); 2) statutory *liens* for services or materials (excluded by I.C. 26–1–9–104(c)).[2] Landlord's *liens* are governed by IND.CODE 32–7–1–18 (lien for crops) and IND.CODE 13–1–7–33 (landlord liens). Mechanic's liens are governed by IND.CODE 32–8–3–1.[3] These three statutes provide for *liens,* under appropriate circumstances, as opposed to "preferred debts."

1. Sec. 7508 Burns 1901, Acts 1885, p. 36, Sec. 3, read as follows:

   All debts due any person for manual or mechanical labor shall be a preferred claim in all cases against any individual, copartnership, corporation or joint stock company where the property thereof shall pass into the hands of an assignee or receiver, and such assignee or receiver in the distribution and payment of the debts shall be required to first pay in full all debts due for manual or mechanical labor before paying any other, except the legitimate costs and expenses. *McDaniel, supra* 166 Ind. at 4, 75 N.E. at 648.

2. Not relevant is I.C. 26–1–9–104(d) which excludes "a transfer of a claim for wages, salary or other compensation of an employee." Comment number 4 after the statute reads:

   [i]n many states assignments of wage claims and the like are regulated by statute. Such assignments present important social

problems whose solution should be a matter of local regulation. Paragraph (d) therefore excludes them from the Article.

IND.CODE 22–2–7–1 governs the assignment of wages. It regulates the rights of workers to assign their future wages or salaries, as property rights, to wage brokers. The present case does not involve the assignment of wages.

3. I.C. 32–8–3–1 (Mechanic's liens) provides that certain service providers—including laborers—shall acquire liens upon assets under certain circumstances (not applicable here). Additionally, the statute contains the following language that is similar to the statute under scrutiny in the present case:

   and should the person, firm, or corporation be in failing circumstances the above mentioned claims shall be *preferred debts* whether claim of notice of lien has been filed or not. (emphasis ours)

The employees rely primarily upon the case of *Tell City Nat. Bank v. Wischer* (1929), 90 Ind.App. 161, 168 N.E. 595 which recognized a limited exception to the *McDaniel, supra,* rule in interpreting another predecessor statute[4] to the one involved today. In *Tell City,* the bank made loans to a firm operating orchards with knowledge of the firm's failing condition. The loan agreement provided that warehouse receipts covering apples would be issued to the bank as soon as the apples were picked and put in storage. The bank then took the warehouse receipts with the knowledge the laborers' wages had not been paid.

We held the claims for wages were superior to the warehouse receipts. We held that a contrary result would:

> under the circumstances such as here permit a crafty creditor to stand by and watch the laborers perform the labor which makes the security, and then supplant them in their equities and take from that which the Legislature clearly intended they should have. *Id.* 90 Ind. App. at 168, 168 N.E. at 597, 598.

In so holding, we were reacting to the peculiar equities of the case and did not intend to depart from the *McDaniel, supra* decision. (We lacked the authority to overrule the *McDaniel* case because it was decided by our supreme court.) We noted:

> The general rule is that a mechanic's lien will relate back in time to when materials or labor are initially furnished for construction and will have priority over all liens subsequently created. (The implication being that interests perfected before the commencement of the provision of labor and materials have priority over such mechanic's liens.) *Beneficial Finance Co. v. Wegmiller Bender Lumber Co. Inc.* (1980), Ind.App., 402 N.E.2d 41. However, it has been held by our supreme court that in "failing circumstances," a mechanic's lien, whether filed or not, has priority over a prior recorded mortgage. *Citizens' Trust Co. v. National Equipment & Supply Co.* (1912) 178 Ind. 167, 98 N.E. 865, 41 L.R.A., N.S., 695.
>
> We cannot reconcile the seemingly opposite results reached in the cases of *Citizens' Trust* and *McDaniel, supra,* concerning the priority of "preferred debts" which are comprised of claims for wages/services—but are sought under different statutes—under failing circumstances. It would appear that "preferred debts" are not all created equally. A preferred debt/mechanic's

It seems clear to us that, ..., laborers should not be permitted to assert the priority of their claims for labor performed subsequent to the time of the execution of the chattel mortgage, or as in this case the delivery of the warehouse receipts, and this was the view afterwards taken in the case of *McDaniel v. Osborn,* [*supra* ]. *Tell City, supra,* 90 Ind.App. at 166, 168 N.E. at 597.

The present case does not fit the limited exception recognized in the *Tell City* case. The Bank's security interest in the corporation's personal property was perfected long before the three months preceding the corporation's demise when the employees' claim for unpaid wages accrued. Similarly, the bank's interest in the corporation's real property, secured by mortgage, was recorded before the laborer's claims arose. The *McDaniel* case controls.

Therefore, we reverse and remand with instructions the trial court grant summary judgment in favor of the Bank.

CHEZEM, P.J., and SULLIVAN, J., concur.

lien is superior to an ordinary security interest in property under failing circumstances. *Citizens' Trust.* A *preferred debt* /claim for an employee's wages, as in the present case, is not. *McDaniel, supra.* The two statutes are distinguishable in that the one for mechanic's liens, as analyzed in *Citizens' Trust* provides for the creation of a *lien* while the one analyzed in *McDaniel,* the predecessor to the statute we interpret today, does not. We hold that the operative statutory word is "lien."

4. Sec. 9343 Burns 1926 provided that:

> when the property of any firm engaged in agricultural or other business or employment shall be put into the hands of any assignee, then, and in all such cases, the debts owing to laborers or employees shall be treated as preferred debts and shall be first paid in full, and if there be not sufficient to pay them in full, then the same shall be paid to them *pro rata,* after paying costs. *Tell City, supra,* 90 Ind. App. at 165, 168 N.E. at 596.