(798 P.2d 519)
No. 64,764

FIRST NATIONAL BANK OF MEDICINE LODGE, KANSAS, *Appellant*,
v. FAMILY MEDICINE CLINIC OF MEDICINE LODGE, KANSAS,
P.A., a/k/a FAMILY MEDICINE CLINIC, INC., AND FIRST NA-
TIONAL BANK OF SYRACUSE, KANSAS, *Defendants*, KATHY WAT-
KINS, NORA K. BRYAN, GRETTA WINBORNE, JAN SHELDON,
JANET CHANCE, MARY THEIS, LORI SWANSON, JULIE SMITH,
PATRICIA HARVEY, AND GAYLE WRIGHT, *Intervenors /Appellees*,
THOMAS HICKLIN, *Intervenor*, FIRST NATIONAL BANK OF SYR-
ACUSE, KANSAS, *Third-Party Plaintiff*, v. DARYL SCHIFF AND
RICHARD P. MUSSELMAN, D.O., *Third-Party Defendants*.

Opinion filed September 28, 1990.

*Robert W. Christensen*, of Chapin & Christensen, of Medicine Lodge, for appellant.

*Alan C.. Goering*, of Medicine Lodge, for appellees.

Before ELLIOTT, P.J., JACK L. BURR, District Judge, assigned, and WILLIAM D. CLEMENT, District Judge, assigned.

BURR, J.: First National Bank of Medicine Lodge appeals a decision of the district court which found that K.S.A. 44-312 grants wage claims priority over prior perfected security interests.

The facts in this case are undisputed. The action began as a foreclosure action by the Bank against Family Medicine Clinic (FMC) on a promissory note secured by FMC's accounts receivable, and involved a resolution of a priority dispute between two banks. The Bank obtained appointment of a receiver to collect FMC's accounts receivable, and FMC's employees intervened to establish their claims for wages, unpaid pension, and vacation benefits. The district court granted the employees' motion to convert the receivership into a general one and held the em-

ployees had preferential claims for recovery of wages, pursuant to 44-312.

On appeal, the Bank contends the district court erred in finding 44-312 provided the employees preferential treatment of their wage claims because 44-312 is a preferential statute, not a lien statute, and cannot displace vested rights. The employees liken 44-312 to the mechanic's lien statute and conclude a statutory lien can be preferred to a prior perfected security interest. The issue requires interpretation of a statute, which is a question of law subject to unlimited appellate review. See *Bell v. Simon*, 246 Kan. 473, 476, 790 P.2d 925 (1990).

K.S.A. 44-312 provides in pertinent part:

"[W]henever a receiver shall be appointed of the estate of any corporation, . . . the wages due to all laborers or employees other than officers of such corporation, accruing within the six months immediately preceding such appointment of a receiver . . . , *shall be preferred to every other debt or claim against such corporation.*" (Emphasis added.)

Although the specific issue presented here has not yet been addressed in Kansas, the few cases addressing 44-312 support the Bank's position. See *Acme Foundry and Machine Co. v. Wampler*, 124 Kan. 486, 487, 260 Pac. 972 (1927) ("[T]he statute is a preference statute only, and not a lien statute."). And, in other jurisdictions, the courts have held the wage claims subordinate, finding a preferred debt cannot become superior to a debt secured by a lien unless the statutory language creating the preferred debt clearly indicates an intent to do so. See *Schmidtman v. Atlantic Phosphate & Oil Corp.*, 230 F. 769 (2d Cir. 1916); *T.H. Mastin & Co. v. Pickering Lumber Co.*, 2 F. Supp. 605 (N.D. Cal. 1933); *Pryor v. Pryors, Printers*, 56 Ariz. 572, 110 P.2d 229 (1941); *Seymour v. Berg*, 227 Ill. 411, 81 N.E. 339 (1907); *McDaniel v. Osborn*, 166 Ind. 1, 75 N.E. 647 (1905). This argument is persuasive.

Kansas provides a variety of statutory liens for labor and services in other contexts. For example, K.S.A. 58-218 provides liens for seeding, baling broomcorn, and baling hay and expressly states the lien is "preferred to that of any prior security interest or encumbrance." Also, in K.S.A. 58-203, creating a lien for threshing and husking, the legislature expressly gave superpriority to the lienholder.

A statutory lien can be given superpriority under the Uniform Commercial Code, too. K.S.A. 84-9-310 provides such priority to persons who in the ordinary course of business furnish services or materials with respect to goods subject to a prior perfected security interest, so long as the statutory lienholder is in possession of the goods. Statutory liens subject to this superpriority rule include liens for feed and care of livestock. K.S.A. 58-207.

Still other statutory liens are expressly subordinated to prior perfected security interests. These include the oil and gas mechanic's lien, which is preferred only to encumbrances attaching subsequent to commencement of the work which forms the basis for the lien (K.S.A. 55-207), and the transporter's lien, which is subordinate to valid and existing perfected security interests (K.S.A. 55-214).

In drafting 44-312, the legislature employed the phrase "shall be preferred to every other debt or claim," rather than providing wage claimants a "lien upon the property preferred to all other liens or claims," or other language of similar import. All of the foregoing leads to the inescapable conclusion that the legislature intended only to allow wage claimants a preference over other general creditors and did not intend to give them priority over prior perfected consensual security interests. It is fundamental that the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is clear and unambiguous, the court is required to give effect to the intention of the legislature as expressed in the statute rather than determine for itself what the law should or should not be. *Bell v. Simon,* 246 Kan. at 476. The district court erred in granting the employees priority over the Bank's prior perfected security interest in FMC's accounts receivable.

Reversed.